**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JONATHON LEE RICHES,

    Plaintiff,

v.

CHRISTINA AGUILERA, and
JORDAN BRATMAN,

    Defendants.
                                            /

CASE NO. 07-CV-14469

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that:

1) the case be *sua sponte* **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, and

2) Plaintiff Jonathan Lee Riches be **ENJOINED FROM FILING FUTURE ACTIONS** without first seeking and obtaining leave of court.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Jonathon Lee Riches is a federal prisoner who is currently incarcerated at the Williamsburg Federal Correctional Institution in Salters, South Carolina. On October 22, 2007, Plaintiff filed this *pro se* civil action. The case was referred to the undersigned magistrate judge for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) on December 4, 2007. (Dkt. 2.) I find that the case is ready for report and recommendation.

B.  **Background and the Complaint**

To refer to Plaintiff as a frequent filer is a vast understatement. I am sincerely indebted to Magistrate Judge Donald Scheer for the nationwide, exhaustive search he conducted in November of 2007, which revealed that Plaintiff has filed at least 148 civil suits in various courts throughout the country in the last two years. (E.D. Mich. Case No. 07-14615, Dkt. 3, Ex. 1.) I further note that this number appears to have grown to in excess of 200 suits, according to a link provided on Wikipedia at http://en.wikipedia.org/wiki/Jonathan_Lee_Riches.[1] In the meantime, many of his cases have already been dismissed as frivolous. *Riches v. Khodorkovsky*, No. C 07-5654 MJJ (PR), 2007 WL 4219375 (N.D. Cal. Nov. 28, 2007); *Riches v. Kevorkian*, No. C 07-5420 MJJ (PR), 2007 WL 4219377 (N.D. Cal. Nov. 28, 2007); *Riches v. Hearst*, No. C 07-5419 MJJ (PR), 2007 WL 4219378 (N.D. Cal. Nov. 28, 2007); *Riches v. Dahmer*, No. C 07-5572 MJJ (PR), 2007 WL 4259295 (N.D. Cal. Nov. 28, 2007); *Riches v. Shephard*, No. C 07-5655 MJJ (PR), 2007 WL 4259298 (N.D. Cal. Nov. 28, 2007); *Riches v. Ahmadinejad*, No. C 07-5656 MJJ (PR), 2007 WL 4259310 (N.D. Cal. Nov. 28, 2007); *Riches v. Simpson*, No. 4:07cv408-RH/WCS, 2007 WL 3378257 (N.D. Fla. Nov. 12, 2007); *Riches v. Duncan*, No. SA-07-CA-863-RF (NN), 2007 WL 3333103 (W.D. Tex. Nov. 8, 2007)(and cases cited therein).

Turning to the instant case, Plaintiff has neither paid the filing fee nor applied to proceed without prepayment of fees pursuant to the *in forma pauperis* ("IFP") statute. *See* 28 U.S.C. § 1915(a)(1). In addition, although Plaintiff checked the "other civil rights" box on the civil cover sheet for this action, he fails to mention any federal law in the text of his complaint. (Compl., Dkt. 1.). Instead, the instant complaint alleges that at the "Mickey Mouse Club tryouts at the Epcot

---

[1] When last accessed, this article was being considered for deletion due to questions regarding its notability and balance.

Center in 1993," "Justin Timberlake put a roofie in [Plaintiff's] orange juice at the set, in order for him to steal the Mickey Mouse Club part [and that] Christina Aguilera knows this also." (Dkt. 1, ¶ 1.) It further alleges Plaintiff used stolen credit cards and information obtained through identity theft to further Defendant Aguilera's career. (*Id.* ¶ 2.) Plaintiff avers that Defendants Bratman and Aguilera engaged in various sexual exploits with him and that Plaintiff paid for Defendant Bratman's cosmetic surgeries, i.e., "penis enlargement" and "hair transplant." (*Id.* ¶ 3.) Plaintiff alleges that Defendants Aguilera and Bratman "are in love with me and continue to stalk me for being an identity theft kingpin." (*Id.* ¶ 4.) Plaintiff states that Defendants are in financial need and want him to continue stealing money for them and will not accept his response that he no longer commits identity theft. (*Id.*) Plaintiff claims that Defendant Aguilera is "threatening" him by telling him that "she is going to stuff me in a bottle with a geenie [sic]" and Defendant Bratman has told Plaintiff that he "has connections with the Jewish Mossad [sic] and told me he will get them to turn me over to the Palestinians...because I will not provide them with stolen credit cards." (*Id.*) Although Plaintiff fancies himself the "modern day 'catch me if you can,'" he would like to "move to Israel in peace from Defendants" because Plaintiff "fear[s] for [his] life that Christina Aguilera will come...to murder [him]." (*Id.*)

    **C.    Governing Law and Discussion**

Ordinarily prisoners file an application to proceed IFP simultaneously or shortly after the filing of the complaint. When a plaintiff (prisoner or not) seeks IFP status, the court "shall dismiss the case at any time if the court determines that...the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Here, however, Plaintiff has not applied for IFP status but also has not paid the filing fee. Until Plaintiff applies for IFP status, §

3

1915(e)(2)(B) technically does not apply. *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)(holding that § 1915e applies only to litigants who are proceeding IFP). If it did apply, this suit would necessitate dismissal under the "three strikes" provision which precludes a prisoner from receiving IFP status if he has, on three or more occasions while incarcerated, brought an action that was "dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In addition, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The screening process requires the court to "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Here, however, Plaintiff has sued two celebrities rather than any governmental employee; thus, § 1915A does not apply.

Similarly, under the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, the court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). Since Plaintiff has neither brought the suit under any particular federal law, nor has he complained about prison conditions, § 1997e does not apply.

Under the Policies and Procedures governing the administration of the Court's Electronic Case Filing system, the Clerk has no choice but to accept and file every paper presented. This has allowed Plaintiff to file a wholly preposterous complaint without either paying the filing fee or seeking pauper status, and in the process, to circumvent all the generally applicable statutory bases for dismissing frivolous complaints. While I do not advocate any change to those carefully considered Policies, the Policies do not alter the Court's inherent authority to dismiss cases where the court lacks subject matter jurisdiction.

Under FED. R. CIV. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As mentioned although Plaintiff checked the "other civil rights" box on the civil cover sheet for this action, he fails to mention any federal statute or constitutional provision in the text of his complaint. (Compl., Dkt. 1.).

Even construing his complaint liberally, Plaintiff has not alleged any governmental employee action as required in prisoner civil rights cases. The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Neither Defendant Aguilera or Bratman are state actors. Nor could they be considered federal actors under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971); *Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 438 (6th Cir. 2006)(en banc). Nor does Plaintiff's complaint allege a violation of the constitution.

Courts may *sua sponte* dismiss a complaint that purports to rest on federal question jurisdiction, as the instant complaint does,"when the allegations...are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v.*

*Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*sua sponte* dismissing claim that senator and Chief Justice violated his First Amendment rights when they refused to answer his letters or take action requested in the letters), citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed.2d 577 (1974); see also, *Franchise Tax Bd. of the State of California v. Construction Lab Vacation Trust for S. Cal.*, 463 U.S. 1, 27, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). Under these circumstances, there is no requirement that a plaintiff be given an opportunity to amend the complaint. *Apple*, 183 F.3d at 479, citing *Tingler v. Marshall*, 716 F.2d 1109, 1111-12 (6th Cir. 1983).

In the instant case, Plaintiff's complaint describes a fantastical cinematic narrative which may make interesting tabloid reading, but has no relation to the United States Constitution or any federal law and is, I suggest, wholly devoid of any legal merit. 28 U.S.C. § 1331. Accordingly, I suggest that the case be dismissed for lack of subject matter jurisdiction as no federal question has been raised. *Apple, supra*; *Clark v. United States*, 74 Fed. Appx. 561, 562, 2003 WL 22025055, *1 (6th Cir. Aug. 27, 2003)(affirming *sua sponte* dismissal where plaintiff alleged that "because of his royal lineage, the United States has entered agreements with other organizations to use 'signals intelligence' and 'directed energies,' i.e., sound, gravity, and laser, to target him for radiation experiments on U.S. citizens with royal genes and 'social spiritual archetypes'").

Even if Plaintiff had relied on diversity jurisdiction, 28 U.S.C. § 1332, the result would be the same as his complaint is frivolous and has no sound basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989); *Dekoven v. Bell*, 22 Fed. Appx. 496, 497, 2001 WL 1450702, *1 (6th Cir. Oct. 31, 2001)(affirming *sua sponte* dismissal based on diversity jurisdiction where plaintiff alleged that "he is the true messiah and that the defendants had committed the torts of libel and slander against him"). I further suggest that the case is

factually frivolous in that the allegations are irrational and wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Even if subject matter jurisdiction were found to exist, venue would be proper where "any defendant resides" or where a "substantial part of the events or omissions giving rise to the claim occurred," not the Eastern District of Michigan. 28 U.S.C. § 1391(a).

"Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit..." *United States v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995). Therefore, "[t]here is nothing unusual about imposing pre-filing restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). "[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Although "the joke, we must admit, is at first mildly amusing, [] it grows tedious in the retelling....it is a drain on the judicial system." *Riches v. Jena 6*, No. 07-1656-A, 2007 WL 3146280, *1 (W.D. La. Oct. 24, 2007). Plaintiff's prolific and spurious suits similarly strain the finite resources of the Court. Therefore, I suggest that pre-filing restrictions should be imposed, and that Plaintiff be enjoined from initiating any further suits in this District without leave of the Court.

**C.     Conclusion**

Accordingly, I recommend that the Court *sua sponte* dismiss the case with prejudice. I further recommend that the court enjoin Plaintiff from filing any civil complaints in this Court without proof of the Court's permission, whether the suit is *in forma pauperis* or not.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                     s/ *Charles E Binder*
                                                     CHARLES E. BINDER
Dated: December 28, 2007                      United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served on Jonathan Lee Riches by first class mail, and served on U.S. District Judge Ludington in the traditional manner.

Date: December 28, 2007                  By     s/Patricia T. Morris
                                                             Law Clerk to Magistrate Judge Binder